### NITZKE v. WHITE.

(Supreme Court, Appellate Term, First Department. May 5, 1915.)

1. EVIDENCE ⬅129—ACTION FOR WORK—SIMILAR TRANSACTIONS.

In an action for the balance due for work and labor in manufacturing leather party boxes, wherein the defendant claimed that the work was improperly performed, and set up a counterclaim for damages, the admission of evidence that leather boxes other than those sued for had been improperly finished by plaintiff, and that defendant was obliged to spend certain sums to repair them, was incompetent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 388–393, 395–398; Dec. Dig. ⬅129.]

2. WORK AND LABOR ⬅28—ACTION—JUDGMENT.

Where there was no competent proof as to the reasonable value of the repairs, or as to the depreciation of the value of the boxes on account of plaintiff's alleged imperfect work, a judgment on the counterclaim could not be sustained.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 17, 55; Dec. Dig. ⬅28.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Meyer Nitzke against Morris White. From judgment dismissing plaintiff's complaint, and awarding judgment in favor of the defendant upon his counterclaim in the sum of $75, plaintiff appeals. Reversed, and new trial ordered.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Joseph Krinsky, of New York City, for appellant.
Harris Koppelman, of New York City, for respondent.

COHALAN, J.   Plaintiff sued to recover on two causes of action:
(1) For the sum of $63.33, for alleged work, labor, and services; and
(2) for the sum of $40 for services rendered in procuring, at a more
advantageous price, certain boxes for the defendant.   Upon an issue of
fact the court below properly disposed of the second cause of action.

Defendant, while admitting that plaintiff manufactured leather par-
ty boxes in the number and amount sued for, claimed that the work
was improperly performed, and set up a counterclaim to the first
cause of action for damages in the sum of $75.

[1, 2]  Upon the whole case the court dismissed the complaint, and
awarded judgment upon the counterclaim in the sum of $75.   This
was error.   The evidence was that between October 5 and October 7,
1914, plaintiff manufactured 8⅓ gross of boxes; that the agreed price
of the work was $10 per gross; that he received $20 on account there-
of, and that there was a balance due and owing of $63.33.   The de-
fendant asserted that these particular boxes were improperly made.
Upon the trial he sought to amend his answer and counterclaim, so as
to show that other boxes were improperly manufactured, and that in
consequence thereof losses were sustained.   The court, however, lim-
ited the amendment to the work upon which the cause of action was
based.   The defendant, nevertheless, was permitted to testify, over
the objection of the plaintiff, that 23 gross of leather boxes, other
than the 8⅓ gross sued for, were improperly manufactured, and that
the defendant was obliged to expend certain sums to repair them.   This
testimony was incompetent, and formed a basis for the judgment in
favor of the defendant for the sum of $75.   Moreover, there was no
competent proof adduced with regard to the reasonable value of the
repairs, and no testimony whatever concerning the depreciation of the
value of the boxes on account of the alleged improper work done by
the plaintiff.

Judgment reversed, and new trial ordered, with costs to appellant
to abide the event.   All concur.